UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT


| | | |
|---|---|---|
| MECCA ALLAH SHAKUR, | : | |
| A/K/A RONNIE HINTON | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:12cv984 (SRU) |
| | : | |
| ANTHONY BRUNO, ET AL., | : | |
| Defendants. | : | |


ORDER RE DEFENDANTS' MOTION TO DISMISS [Doc. No. 17]

Plaintiff Mecca Allah Shakur, a/k/a Ronnie Hinton, filed this civil action under 42 U.S.C.

§ 1983, against defendants Reverend Anthony J. Bruno; Director of Food and Nutritional

Services Mike Bibens; Administrative Remedy Coordinators Meigs and Lewis; Chaplin Mack

Elder; Correctional Officer Bulkanowski; Lieutenants White and Ruggiero; and Nurses Kim,

Yvonne and Jeanine.  On February 8, 2013, the court dismissed all claims under the Fifth

Amendment and all claims against defendants Yvonne, Kim and Jeanine pursuant to 28 U.S.C. §

1915A(b)(1).   The case proceeds as to the remaining claims against defendants Bruno, Bibens,

Meigs, Lewis, Elder, Bulkanowski, White and Ruggiero in their individual and official

capacities.

The defendants move to dismiss the remaining claims in the Complaint on the ground

that they are barred by a Release of Liability signed by Shakur on July 11, 2013 in a civil case

filed in the Connecticut Superior Court for the Judicial District of Hartford.  The defendants have

attached a copy of the Agreement and Release to their motion and ask the court to take judicial

notice of the Agreement.   When considering a motion to dismiss, the court may properly

consider matters of which judicial notice may be taken.  *See Garanti Finansal Kiralama A.S. v.*

*Aqua Marine and Trading Inc.*,  697 F.3d 59, 63 n.4 (2d Cir. 2012).  Judicial notice may be taken

of documents filed in other cases and other courts.  *See Int'l Star Class Yacht Racing Ass'n v.*

*Tommy Hilfiger U.S.A., Inc.,* 146 F.3d 66, 70 (2d Cir. 1998).

The defendants state that, on June 17, 2013, Shakur executed a Stipulated Settlement

agreement in *Shakur v. Frechette, et al.*, Case No. CV-08-4039758 (Conn. Super. Ct. June, 17,

2013).  Counsel for the defendants in that case signed the Stipulated Settlement agreement on

June 12, 2013.  Pursuant to the settlement agreement, Shakur agreed to withdraw that case in

exchange for a payment of $250.00, which would be free from collection of a State of

Connecticut cost of incarceration lien.  In addition, Shakur executed a general release of liability

discharging the defendants, the State of Connecticut and all current and former employees from

all actions, claims, causes of action, damages or demands that Shakur could make through July

11, 2013, the date of the release.  *See* Defs.' Mot. Dismiss, Ex. 1.  The docket from the state case,

*Shakur v. Frechette, et al.*, Case No. CV-08-4039758, which is available on the website of the

State of Connecticut Judicial Branch, reflects no mention of the Stipulated Settlement or the

Release of Liability.[1]

The courts have taken judicial notice of settlement agreements filed in other cases.  *See*

*Hunnicutt v. Armstrong*, 305 F. Supp. 2d 175, 181 (D. Conn. 2004) ( in deciding motion to

dismiss, court took judicial notice of settlement agreement and release filed in six federal cases in

---

[1]Information regarding this case may be found at: http://www.jud.ct.gov/jud2.htm under
Civil/Family Case Look-up and Docket Number Search using 08-4039758.  (Last visited on
January 31, 2014).

the district), *affirmed in part and vacated in part and remanded on other grounds*, 152 F. App'x 34 (2d Cir. 2005); *see also, e.g., Wolson v. Reed Elsevier Inc.*, No. 09 Civ. 4040(DC), 2010 WL 334919, at *1 (S.D.N.Y. Jan. 29, 2010) (taking judicial notice of settlement agreement filed in multi-district class action case in ruling on motion to dismiss). Where the settlement agreement was not filed, the courts have taken judicial notice of the agreement only where the plaintiff has referenced the other case, or where the plaintiff has knowledge of the document and the document was integral to the plaintiff's claims. *See Gekas v. Vasiliades*, No. 10-3066, 2012 WL 5948679, at *2 (C.D. Ill. Nov. 28, 2012) (where plaintiff made allegations concerning another action, court took judicial notice of settlement agreement that was made, but not filed, in the other action in deciding motion for judgment on the pleadings without converting matter into motion for summary judgment); *Degrooth v. General Dynamics Corp.*, 837 F. Supp. 485, 487 (D. Conn. 1993) (court took judicial notice of document not attached to pleading where plaintiff had notice of document's contents and document was essential to plaintiff's claim), *aff'd*, 28 F.3d 103 (2d Cir.), *cert. denied*, 513 U.S. 1043 (1994).

Here, defendants have provided no evidence that either the Stipulated Settlement or the Release of Liability was filed in the state case. The plaintiff makes no reference to those documents or the settled state case in his Complaint and the Settlement and Release are not essential to his claims. Thus, the court cannot take judicial notice of the Stipulated Settlement or the Release of Liability.

The defendant references Rule 12(b)(1), Fed. R. Civ. P., and argues that the Stipulated Settlement and Release may be considered by the court in order to determine whether it has subject matter jurisdiction. Although the existence of the Settlement and Release may be a basis

for the court to deny relief, the defendant has provided no authority indicating that the existence

of the Settlement and Release deprives the court of subject matter jurisdiction over the case.

Thus, counsel's reliance on Rule 12(b)(1) is misplaced.

Because the existence of the Settlement and Release may be dispositive, the court will

convert the motion to dismiss into a motion for summary judgment **restricted to the issue of**

**effect of the stipulated settlement and release of liability**.  *See* Fed. R. Civ. P. 12(d).  The

defendants have presented their materials outside the pleadings that are relevant on this issue.

The plaintiff is afforded **thirty (30) days** to respond to the motion and present any evidence

showing that the stipulated settlement and release of liability do not preclude this action.  If the

court denies the converted motion, it will enter a scheduling order for discovery and filing any

dispositive motions addressing the merits of the plaintiff's claim.

SO ORDERED this 18th day of February 2014, at Bridgeport, Connecticut.


        /s/ Stefan R. Underhill
        Stefan R. Underhill
        United States District Judge

4